WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David O'Daniel, | No. CV-20-02224-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Hay and Feed LLC, | |
| Defendant. | |

The Court has diversity jurisdiction over Plaintiff's state law negligence claim alleging that he suffered personal injuries at Defendant's farm while securing bales of alfalfa onto Plaintiff's flat-bed trailer.  (Doc. 1 at 3-5).  Pending before the Court is Defendant's "Motion to Exclude Plaintiff's Expert Witnesses for Untimely and Deficient Disclosures" (Doc. 39), Plaintiff's Opposition (Doc. 41), and Reply (Doc. 44). Defendant's Motion (Doc. 39) concerns purported inadequacies in Plaintiff's disclosure of non-retained expert witnesses who provided healthcare to Plaintiff following the incident at issue.  For the reasons explained herein, the Court will grant the Motion.

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 26 requires parties to disclose the identity of any expert witness, whether retained or non-retained, expected to testify.  *Lake v. City of Vallejo*, No. 2:19-CV-1439-KJM-KJN, 2021 WL 2042584, at *2 (E.D. Cal. May 21, 2021) (citing Fed. R. Civ. P. 26(a)(2)(A)).  For each "retained" expert, Rule 26(a)(2)(B) requires

that an expert witness disclosure be accompanied by a written report prepared and signed by the witness.  Under Rule 26(a)(2)(C), disclosure of a "non-retained" expert must state: (i) the subject matter on which the witness is expected to present evidence and (ii) a summary of the facts and opinions to which the witness is expected to testify.  To the extent that a treating physician's opinions are formed during the course of treatment, and the physician is to testify as an expert, as opposed to a fact witness, the physician must be disclosed pursuant to Rule 26(a)(2)(C).  *Goodman v. Staples the Office Superstore LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

Federal Rule of Civil Procedure 37(c) provides that if a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth to the Rule 26(a) disclosure requirements."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## II.  DISCUSSION

The Court set November 5, 2021 as Plaintiff's expert disclosure deadline.  (Doc. 19 at 3).  On November 5, 2021, Plaintiff served on Defendant "Plaintiff's Expert Designation" identifying four retained experts and seventeen non-retained experts.  (Doc. 39-1).  Preceding the list of the non-retained experts is the following paragraph:

> Plaintiff may call the following non-retained, expert witnesses to give expert testimony.  The following doctors, nurses, therapists, medical technicians, and other healthcare providers have cared for and provided treatment to Plaintiff. As such, they possess expertise and knowledge in their respective areas. This designation is made to permit the Plaintiff the opportunity to introduce evidence from these individuals which might be deemed in the nature of opinion or expert testimony. Specifically, these individuals may testify about their care, treatment, causation, physical restrictions, prognosis,

diagnosis, reasonable costs for past and future medical care.

(*Id.* at 4).  No further descriptions accompany the names of the non-retained experts.

In a letter dated December 8, 2021 to Plaintiff's counsel, defense counsel asserted that Plaintiff's disclosure of his non-retained experts was insufficient.   (Doc. 39-2). Defense counsel wrote:

> Plaintiff did not provide a written report for any of the [non-retained experts]. Plaintiff likewise did not state the subject matter on which these non-retained experts are expected to present evidence or a summary of the facts and opinions on which they are expected to testify - he simply provided a boilerplate statement. . . .   Plaintiff's failure to provide this information precludes Defendant from making an informed decision regarding whether it is necessary to take these physicians' depositions, request their files, or whether a responding expert is needed.  It is unclear who is testifying to what, precluding Defendant from adequately preparing for trial.  The Court's Order prohibits Plaintiff from supplementing the disclosure. Accordingly, I am putting you on notice that Defendant will move to exclude these witnesses should Plaintiff attempt to elicit their testimony at trial and file any other motions that are necessary.

(*Id.* at 4).  In its Motion, Defendant recounts that the parties also conferred telephonically on December 8, 2021 regarding Plaintiff's non-retained expert disclosures.  (Doc. 39 at 5). Defendant states that "Plaintiff did nothing in response."   (*Id.*).   The Court finds that Defendant is correct that Plaintiff's November 5, 2021 non-retained expert witness disclosures are inadequate.

On March 22, 2022, after Defendant timely disclosed its expert witnesses,[1] Plaintiff served a "First Supplemental Expert Designation" on Defendant.   (Doc. 39-4).   The document includes the seventeen non-retained experts previously disclosed on November 5, 2021, along with an additional non-retained expert: Dr. Hayes at Elite Medical Wellness. (*Id.* at 6).  The "First Supplemental Expert Designation" contains the same paragraph preceding the names of the non-expert witnesses that is contained in Plaintiff's original

---

[1] The deadline was originally set for January 5, 2022, but the Court granted the parties' request to extend it to March 4, 2022.  (Doc. 31).

"Expert Designation."[2]  However, unlike Plaintiff's original "Expert Designation," the "First Supplemental Expert Designation" also contains a summary paragraph under each of the non-expert witnesses' names.  The summary paragraphs do not detail the precise opinions that the witnesses will offer and refer Defendant to the witnesses' records.  Defendant argues that the summary paragraphs are inadequate under Rule 26(a)(2)(C).[3]  (Doc. 39 at 9-11).

In *Jones v. Colorado Cas. Ins. Co.*, No. CV-12-01968-PHX-JAT, 2015 WL 6123125, at *2 (D. Ariz. Oct. 19, 2015), the District Court recounted that the Advisory Committee Notes to Rule 26 explain that "[c]ourts must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures.  The District Court explained that:

> The puzzle for the Court becomes defining how many pieces a party must disclose to sufficiently apprise an opposing party of a treating physician's opinions but without imposing "undue detail."  For example, one court noted that a summary is "ordinarily understood to be an 'abstract, abridgement, or compendium.'"  *Kristensen v. Spotnitz*, No. 3:09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011).  Another court observed "[i]t is not enough [for a Rule 26(a)(2)(C) disclosure] to state that the witness will testify consistent with information contained in the medical records."  *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014).  Instead, the disclosure must "summarize actual and specific opinions" and, if the physician is to opine on causation, explain "how" and "why" the physician reached a particular opinion.  *Id.*

---

[2]  Defendant has submitted a redline comparing Plaintiff's original "Expert Designation" and "First Supplemental Expert Designation."  (Doc. 39-5).

[3]  Defendant also asserts that (i) Dr. Hayes should be excluded as Plaintiff disclosed Dr. Hayes as a non-retained expert over four months after the deadline and (ii) Plaintiff's attempt to cure the deficiencies in the disclosures of the other non-retained experts is untimely.  (Doc. 39 at 6-8).  In addition, Defendant asserts that certain non-retained experts (including Dr. Lane, Dr. Khan, Dr. Mays, Dr. Cox, Dr. Fenn, Dr. Hayes, and Dr. Brennan) "seemingly relied on more than their course of treatment in forming their opinions on a number of issues they claim to be testifying on, including but not limited, their alleged causation opinions" and are therefore not exempt from Rule 26(a)(2)(B)'s written report requirements.  (Doc. 39 at 8-9).  It is unnecessary to address these arguments as the Court finds that Plaintiff's "First Supplemental Expert Designation" contains an insufficient summary of the facts and opinions as to which the non-retained expert witnesses are expected to testify.

*Jones*, 2015 WL 6123125, at *2.

Courts have rejected the argument that mere disclosures of treatment records without an accompanying disclosure summary satisfies Rule 26(a)(2)(C).  *See Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1060 (S.D. Iowa 2013) ("[W]hen a party merely states the name of the witness along with the witness' connection to the case, or where the party solely refers to medical or similar records that have already been produced, without providing a summary of the witness' expected testimony, the party is not in full compliance with the disclosure requirements found in Rule 26(a)(2)(C)."); *Smith v. Barrow Neurological Inst. of St. Joseph's Hosp. & Med. Ctr.*, No. CV 10-01632-PHX-FJM, 2012 WL 4359057, at *1 (D. Ariz. Sept. 21, 2012) (holding that referring to medical records associated with a treating physician fails to meet the requirements of Rule 26(a)(2)(C) and is grounds to strike an expert's testimony); *Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012) (permitting a party to provide medical records in lieu of a summary "would invite a party to dump a litany of medical records on an opposing party" and is contrary to the "summary" requirement of Rule 26(a)(2)(C)); *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-CV-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011) (holding that a disclosure summary was improper because the disclosures merely referred to the expert's investigation files); *Brown v. Providence Med. Ctr.*, No. 8:10CV230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (holding that the court will not "place the burden on defendants to sift through medical records in an attempt to figure out what each expert may testify to").

As in *Jones*, "[a]n elementary problem" with Plaintiff's disclosure regarding his non-retained experts is that, "while the reader is advised that [the provider] 'will offer testimony' about various issues, the disclosure fails to include what his actual opinions are regarding the issues." *Jones*, 2015 WL 6123125, at *3 (emphasis omitted).  "The purpose of the Rule 26(a)(2)(C) requirement is to allow the party in receipt of the disclosure to be able to read the disclosure and immediately be able to identify whether it needs a responsive

witness and the information that such responsive witness would need to address." *Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013).

Plaintiff's non-retained expert witness disclosures do not allow Defendant to determine the actual opinions a responsive witness would need to address. *See Jones*, 2015 WL 6123125, at *3 (citing *Pineda v. City & Cty. of S.F.*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (determining that the plaintiff's supplemental disclosure did not comply with Rule 26(a)(2)(C) because it did not "contain a summary of the facts and opinions to which each witness will testify") and *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013) (holding that a plaintiff did not comply with Rule 26 by disclosing only the subject matter of the expert's opinion, and not the expert's relied-upon facts and opinions, because the reader of the disclosure would have "no idea what opinion the doctor will offer or on what facts the doctor will base that opinion")).  Plaintiff has not disclosed the factual bases for "how" or "why" the non-retained experts formed their opinions. *See Pineda*, 280 F.R.D. at 523 (holding that disclosing that treating physicians would "present factual and opinion testimony on causation, diagnosis, prognosis, [and] extent of [Plaintiff's] disability" failed to "include any facts on which [the] non-retained experts will rely, nor does it state the opinions to which they are expected to testify") (alteration in original).

The Court finds that Plaintiff's disclosures of its non-retained experts are insufficient.  As a result, Plaintiff may not use the non-retained experts unless Plaintiff can show that the inadequate disclosure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).  The Court finds that "Rule 26(a)(2)(C) would be reduced to mere rhetoric if the Court were to hold harmless Plaintiff's [inadequate] disclosure." *Jones*, 2015 WL 6123125, at *4 ("In this case, the Court cannot conclude that Plaintiff's failure to properly follow the requirements of Rule 26(a)(2)(C) was harmless because Plaintiff believes that Colorado Casualty could have correctly guessed at the substance of Dr. Dewanjee's testimony from his prior deposition testimony, medical records, and prior disclosures.").

The Court also finds that Plaintiff has not met his burden to show that his inadequate disclosures were substantially justified.

"[D]iscovery sanctions can be appropriate even where they preclude 'a litigant's entire cause of action or defense.'" *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) (quoting *Yeti by Molly*, 259 F.3d at 1106). The Court will grant Defendant's Motion (Doc. 39). The Court does not rule at this time on whether the non-retained experts may testify as fact witnesses.[4] *See Krause v. Hawaiian Airlines, Inc.*, No. 2:18-CV-00928 JAM AC, 2019 WL 2598770, at *6 (E.D. Cal. June 25, 2019) (explaining that "the witnesses precluded from offering expert testimony may, of course, testify as fact witnesses to the extent permitted by the trial judge"); *Titus v. Golden Rule Ins. Co.*, No. CV-12-00316-PHX-ROS, 2014 WL 11515698, at *3 (D. Ariz. Apr. 4, 2014) ((holding that a treating physician who was not properly disclosed as a Rule 26(a)(2)(C) expert could testify about his treatment "to the same extent any lay witness would be able to describe that treatment," but that he could not describe why he undertook particular treatments "if, as is likely, explaining 'why' would require [him] to offer an impression based on his specialized knowledge and skill.").

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendant's "Motion to Exclude Plaintiff's Expert Witnesses for Untimely and Deficient Disclosures" (Doc. 39). The following witnesses are precluded from presenting expert testimony:

> Elite Medical Wellness, LLC
> Dr. Hayes
> 2802 Hodges Street

---

[4] A fact witness is a witness whose testimony is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. It is noted that testimony regarding the cause of Plaintiff's injuries is expert testimony. *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) (agreeing with sister circuits that "a physician's assessment of the cause of an injury is expert testimony").

Lake Charles, Louisiana 70601

Allied Health
Michael Lane, M.D.
3600 Jackson Street, Suite 127
Alexandria, Louisiana 71303

Bossier Orthopedics & Sports Medicine
Willis-Knighton Health System
John T. Mays, MD
2449 Hospital Drive, Suite 340
Bossier, Louisiana 71111

Center for Orthopaedics
1747 Imperial Boulevard
Lake Charles, Louisiana 70605

Chandler Regional Medical Center
1955 W Frye Road
Chandler, Arizona 85224

Dignity Health East Valley Rehabilitation Hospital
1515 W. Chandler Boulevard
Chandler, Arizona 85224

Doctor's Outpatient Surgery Center, Inc. d/b/a Surgery Center
1101 S. College Road, Suite 100
Lafayette, Louisiana 70503

Ameer Khan, M.D.
1890 W. Gauthier Road, Suite 155
Lake Charles, Louisiana 70605

Med-Trans Air Medical Transport
P.O. BOX 708
West Plains, MO 65775

Neurosurgical Solutions of Lafayette, LLC
William Brennan, M.D.
105 Patriot Avenue, Suite 101
Lafayette, Louisiana 70508

Open Air MRI
5413 Jackson Street
Alexandria, Louisiana 71303

Orthopaedic Reconstructive Subspecialists, LLC
Paul Fenn, M.D.
105 Patriot Avenue, Suite 101
Lafayette, Louisiana 70508

Orthopedic Specialists of Louisiana
Steven Cox, M.D.
1500 Line Avenue
Shreveport, Louisiana 71101

Pioneer Hospitalists, PLLC
475 S. Dobson Road
Chandler, Arizona 85224

Radiology Consultants of West Monroe
503 McMillan Road
West Monroe, Louisiana 71291

Wheat Physical Therapy & Wellness
733 Keyer Avenue, Suite 100
Natchitoches, Louisiana 71457

CVS Pharmacy

Walgreens Pharmacy

Dated this 5th day of May, 2022.

_____
Honorable Eileen S. Willett
United States Magistrate Judge